[Cite as *State v. Williams*, 2020-Ohio-6885.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

v.

JAMES WILLIAMS

    Appellee

C.A. No.     19CA011568

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     04CR065188

DECISION AND JOURNAL ENTRY

Dated: December 28, 2020

HENSAL, Judge.

{¶1} The State of Ohio appeals an order of the Lorain County Court of Common Pleas that granted judicial release to James Williams. For the following reasons, this Court reverses.

I.

{¶2} Following a trial to the bench, the trial court found Mr. Williams guilty of two counts of possession of marijuana, two counts of possession of cocaine, one count of trafficking marijuana, and one count of trafficking in cocaine. One of the possession of cocaine counts and the trafficking in cocaine count had major drug offender specifications. The court sentenced Mr. Williams to a total of 12 years imprisonment. He appealed, but this Court determined that the sentencing entry was not a final appealable order. Following amendments to the sentencing entry, Mr. Williams appealed again, and this Court affirmed his convictions and sentence.

{¶3} After serving more than 10 years of his sentence, Mr. Williams filed a motion for judicial release. Following a hearing on the motion, the trial court granted it. The State has appealed, assigning two errors.

## II.

THE TRIAL COURT ERRED BY GRANTING WILLIAMS' MOTION FOR JUDICIAL RELEASE AS DEFENDANT IS NOT AN ELIGIBLE OFFENDER AS DEFINED BY R.C. §2929.20.

{¶4} The State argues that Mr. Williams was not eligible for judicial release because his entire 12-year sentences for the trafficking in cocaine offense and one of the possession of cocaine offenses are mandatory. Revised Code Section 2929.20(C) provides that "[a]n eligible offender may file a motion for judicial release with the sentencing court * * *[.]" An eligible offender is "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." R.C. 2929.20(A)(1)(a).

{¶5} For one of the possession of marijuana counts, the trial court sentenced Mr. Williams to one year of imprisonment. For the other count, it did not impose a sentence. For one of the possession of cocaine counts and the trafficking in marijuana count, it also sentenced Mr. Williams to one year. For the possession of cocaine count that had the major drug offender specification, however, it sentenced him to 10 years for the offense and two years on the specification. Identically, for the trafficking in cocaine offense, it sentenced Mr. Williams to ten years for the offense and two years on the specification. The court ordered all of the one-year sentences to run concurrent with each other and with the longer sentences. It ordered the 10-year sentences to run concurrent with the other. It ordered the sentences for the specifications to run concurrent with each other, but consecutive to the 10-year sentences, resulting in an aggregate

sentence of 12 years. The court's sentencing entry included the direction that the "sentence imposed [on the two offenses with the specifications] are mandatory."

{¶6} At the time of Mr. Williams's offenses, the drug trafficking statute, Section 2925.03(C)(4)(g), provided that, "[i]f the amount of the drug involved * * * exceeds one thousand grams of cocaine[,] * * * the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender * * *." The drug possession statute, Section 2925.11(C)(4)(f), contained similar language regarding Mr. Williams's offense under that section. At the time of the offenses, the maximum prison term for a felony of the first degree was 10 years. The trial court, therefore, was required to impose a mandatory 10-year sentence for Mr. Williams's trafficking and possession of cocaine offenses. The trial court also had discretion to "impose an additional mandatory prison term" because Mr. Williams was a major drug offender. It chose to impose a two-year term for both offenses. Under the plain language of Section 2925.03(C)(4)(g), the additional two-year terms were also mandatory. The trial court's sentencing entry confirms the mandatory nature of those sentences, providing that Mr. Williams' sentences for the two counts, which included both the prison term imposed for the offense itself and the additional prison term imposed for the specification, "are mandatory."

{¶7} Although Mr. Williams's one-year sentences were not mandatory, they had already been served by the time Mr. Williams moved for judicial release. Accordingly, upon review of the record, we conclude that Mr. Williams was not an eligible offender under Section 2929.20(A)(1)(a) because at the time that he filed his motion for judicial release he was not serving a stated prison term that included one or more nonmandatory prison terms. The trial court,

therefore, incorrectly granted Mr. Williams judicial release. The State's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING WILLIAMS' MOTION FOR JUDICIAL RELEASE AS IT FAILED TO MAKE THE NECESSARY STATUTORY FINDINGS SET FORTH IN R.C. §2929.20(J).

{¶8}    The State also argues that the trial court failed to make the findings required under Section 2929.20(J)(1) before granting Mr. Williams's motion for judicial release. In light of this Court's resolution of the State's first assignment of error, we conclude that this issue is moot. We, therefore, decline to address it. App.R. 11(A)(1)(c).

III.

{¶9}    The State's first assignment of error is sustained. Its second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings in accordance with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶10} I respectfully dissent as I disagree with the majority's conclusion that the trial court imposed mandatory sentences on the major drug offender specifications in this case.

{¶11} Under R.C. 2929.20(A)(1)(a), an "'eligible offender'" for the purposes of judicial release is "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." As noted by the majority, former R.C. 2925.03(C)(4)(g) provided that "[i]f the amount of the drug involved * * * exceeds one thousand grams of cocaine[,] * * * the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender * * *." Former R.C. 2925.11(C)(4)(f) contained similar language. In my view, there are three ways to interpret the aforementioned statutory language regarding the trial court's discretion to impose "an additional mandatory prison term" for the major drug offender specification.

{¶12} One way is as the majority does. The majority has interpreted the statute in such a way that any sentence imposed by the trial court on a major drug offender specification is automatically a mandatory sentence regardless of what the sentencing court intended.

{¶13} A second way of looking at the statute is that if the trial court elects to impose sentence on a major drug offender specification, which is discretionary, then the judge may impose either a mandatory or nonmandatory sentence. The statute merely gives the judge the authority to impose additional mandatory time on the specification if warranted.

{¶14} Yet a third interpretation would provide that the trial court has discretion solely to impose an additional mandatory sentence on the major drug offender specification, meaning that the imposition of a nonmandatory sentence would run afoul of the statute and render the sentence void.

{¶15} My reading of the August 17, 2009 sentencing entry in this matter indicates that while the trial court specified that Williams' ten-year sentences for trafficking in cocaine and possession of cocaine were mandatory, it did not designate the specifications attached to those sentences as mandatory. At the hearing on Williams' motion for judicial release, the trial court rejected the State's contention that the entirety of Williams' 12-year sentence was mandatory. While the trial court acknowledged that it imposed a mandatory fine, it stated that it did "not impose a mandatory prison term[]" with respect to the specifications. Because I disagree with the majority's conclusion that any sentence imposed on the specifications was automatically mandatory by operation of law, I respectfully dissent. I would hold that the trial court exercised its discretion to impose a nonmandatory sentence on the major drug offender specifications, making Williams an eligible offender for judicial release pursuant to R.C. 2929.20(A)(1)(a).

{¶16} I am mindful of the rule of lenity in reaching this conclusion.

> With respect to criminal statutes * * * [e]ven if there were an ambiguity, meaning two reasonable ways of reading the statute, R.C. 2901.04 provides that we must read the language of the relevant statute not in favor of the government, but in favor of the accused. This rule of lenity, as codified, states that '[e]xcept as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.' R.C. 2901.04(A). In other words, penal statutes may not be extended by implication to cases not falling within their terms.

*State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, ¶ 81 (Lanzinger, J., dissenting).

**{¶17}** The trial court here imposed a sentence with the intent of making Williams eligible for judicial release after ten years. After serving more than 10 years in prison, and exhibiting good behavior during that time, Williams moved for judicial release. The trial court granted his motion on the basis that it never intended for the final two years of his twelve-year sentence to be mandatory. Under the current version of R.C. 2925.03(C)(4)(g), the provision allowing for an additional mandatory prison term for major drug offenders has been eliminated, meaning that Williams would not have received more than a ten-year mandatory sentence under the current law. In light of the unique procedural facts in this case, I would affirm the trial court's judgment and spare Williams the injustice of being sent back to prison after having served more than ten years.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and PATRICK M. HAKOS, JR., Assistant Prosecuting Attorney, for Appellant.

JAMES WILLIAMS, pro se, Appellee.